IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
CLERK'S OFFICE U.S. DIST. COURT AT ROANOKE, VA — FILED SEP 2 5 2007 — JOHN F. CORCORAN, CLERK — BY: /s/ DEPUTY CLERK

| | |
|---|---|
| BENJAMIN JERMAINE TUCKER, Petitioner, | Civil Action No. 7:07CV00224 |
| v. | MEMORANDUM OPINION |
| NOTTAWAY CORRECTIONAL CENTER, VIRGINIA DEPT. OF CORRECTIONS, Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Benjamin Jermaine Tucker ("Tucker"), a Virginia Department of Corrections inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Jones challenges the validity of his convictions in the Circuit Court for the City of Danville by alleging several instances of ineffective assistance of counsel and insufficiency of the evidence. The petition is presently before the court on respondent's motion to dismiss. For the reasons set forth below, the court will grant respondent's motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On January 23, 2004, at the conclusion of a bench trial, Tucker was convicted of robbery, malicious wounding, use of a firearm in the commission of a robbery, use of a firearm in the commission of malicious wounding, two counts of possession of a firearm as a felon, possession of a firearm while in possession of cocaine, possession of cocaine and possession of marijuana.[1] The evidence at Tucker's trial indicated that, on October 24, 2003, Rohn Lee, the victim of the crime,

---

[1] Tucker pleaded guilty to possession of cocaine and possession of marijuana. At the conclusion of evidence at trial, Tucker conceded that the evidence was sufficient to prove malicious wounding and the related firearm charge.

1

and his friend, Antoine Carter, proceeded to the home of a friend of Carter's. While Lee waited outside for Carter, Tucker approached and "brushed" Lee as he walked up the steps. Lee then felt something pressing against the back of his head as Tucker demanded all of Lee's money. Lee testified that he thought Tucker was joking until he saw that Tucker had a gun. Tucker fired his gun towards the ground, prompting Lee and others who were nearby to attempt to leave the scene immediately. As Lee began to run away, Tucker shot him in the back. After Lee fell to the ground, Tucker came towards him and again demanded money. Lee pointed to his sock where he kept his money. Tucker reached into Lee's sock, grabbed the money, and fled.

After officers spoke with Lee at the hospital, a warrant was issued for Tucker's arrest. When the officers tried to make contact with Tucker at a friend's home, Tucker attempted to flee from officers through the back door. When the officers attempted to intercept Tucker, they heard a loud noise consistent with a heavy object hitting the ground and saw Tucker quietly close the back door. Officers apprehended Tucker and then recovered a firearm on the threshold of the back door. The firearm had no dust on it and did not appear to have been lying on the porch for any significant period of time. Although the firearm did not reveal fingerprints, Tucker was wearing gloves at the time of his arrest. Cocaine and marijuana were found in the gloves that Tucker was wearing.

Subsequent to his conviction, on March 5, 2004, Tucker was sentenced to a total incarceration term of forty-two years and thirty days, with twenty-two years and thirty days suspended. Tucker's appeal to the Court of Appeals of Virginia was refused by a single judge of that Court on November 4, 2004.[2] That Court determined that the "Commonwealth's evidence proved

---

[2] Tucker appealed his convictions for robbery, use of a firearm in the commission of a robbery, possession of a firearm as a felon, and possession of a firearm while in possession of cocaine.

2

that appellant constructively possessed the firearm that [the officers] found on the back porch." (Resp't Mot. Dismiss, Attach. 2 at 21.) The Court further found that the "Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that [Tucker] robbed Rohn Lee, used a firearm in the commission of that robbery, possessed a firearm while simultaneously possessing cocaine, and possessed a firearm as a convicted felon." (Resp't Mot. Dismiss, Attach. 2 at 21.)

Tucker then filed a habeas corpus petition in the Circuit Court of the City of Danville on September 28, 2005, raising the following claims:

    A.    Counsel failed to perfect his appeal to the Supreme Court of Virginia;

    B.    Counsel did not object to the Commonwealth's asking a witness leading questions;

    C.    Counsel did not object to the admission of certain identification evidence;

    D.    Counsel failed to investigate the case in a reasonable manner and excluded certain avenues of defense for no strategic reason;

    E.    Counsel failed to explain adequately the consequences of pleading guilty to malicious wounding.

On December 2, 2005, the Circuit Court granted Tucker relief on Claim A and denied and dismissed Claims B through E, finding that Tucker had failed to illustrate either deficient performance or prejudice under Strickland v. Washington, 466 U.S. 668 (1984). Tucker did not appeal the Circuit Court's dismissal of his habeas claims. Tucker's appeal of his criminal convictions to the Supreme Court of Virginia was denied on December 7, 2006. A petition for rehearing was denied on January 19, 2007.

On April 19, 2007, Tucker filed the present § 2254 petition. Respondent filed a motion to dismiss, pursuant to Rule 5 of the Rules Governing Section 2254 Cases. Tucker was notified of respondent's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he was warned that judgment might be granted for respondent if he did not respond by filing affidavits or other documents contradicting the government's evidence or otherwise explaining his claims. Tucker never responded. However, the time allotted for his response has expired, making the matter ripe for consideration. Upon careful review of the extensive state court records and the pleadings and exhibits submitted by the parties, the court concludes that respondent's motion to dismiss must be granted.

## ANALYSIS

Tucker raises the following claims in his § 2254 petition:

(A) Counsel was ineffective because

    (i) he did not object to the Commonwealth's leading questions (state claim B);

    (ii) he did not challenge the admission of certain evidence pertaining to Tucker's identification (state claim C);

    (iii) he failed to investigate the case in a reasonable manner (state claim D);

    (iv) he failed to pursue an appeal to the Supreme Court of Virginia (state claim A);[3]

    (v) he failed to explain adequately the consequences of pleading guilty to malicious wounding (state claim E); and

---

[3] The court notes that Tucker was granted relief as to this claim by the Circuit Court of the City of Danville on December 2, 2005. Accordingly, this claim will be dismissed as moot.

4

(vi) he excluded certain avenues of defense for no strategic reason (state claim D); and

(B) The evidence was insufficient to convict him of possession of a firearm as a convicted felon.

**Claim (A)**

Generally, a § 2254 petitioner must exhaust his claims in state court before he may be heard in federal court. Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004); Clagett v. Angelone, 209 F.3d 370, 378 (4th Cir. 2000); Matthews v. Evatt, 105 F.3d 907, 910 (4th Cir. 1997). A petitioner has exhausted his claims in state court if he has presented his claims to the state's highest court or has defaulted his claims and no longer has any state remedy. See Teague v. Lane, 489 U.S. 288, 298 (1989); Matthews, 105 F.3d at 910. The Fourth Circuit has held that, "failure to appeal claims disposed of by a state habeas trial court constitutes a procedural bar to further federal review of such claims." Whitley v. Bair, 802 F.2d 1487, 1500 (4th Cir. 1986). A federal court will not review a claim that is procedurally defaulted "absent cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default." See Coleman v. Thompson, 501 U.S. 722, 749 (1991); Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998).

The court finds that Tucker's claims are simultaneously exhausted and procedurally defaulted in this court because he failed to timely submit his state habeas petition to the Supreme Court of Virginia, and, consequently, the claims in that petition would be properly procedurally defaulted under Virginia law if he presented them now. See Clagett, 209 F.3d at 378 (finding that if claims were not exhausted in state court but would now be procedurally barred if brought in state court, then federal courts can treat the claims as if they were procedurally defaulted in the state courts); Wise

5

v. Williams, 982 F.2d 142, 143, 146 (4th Cir. 1982) (affirming district court's conclusion that state habeas claim was procedurally defaulted due to prisoner's failure to timely file his notice of appeal); see also Va. Sup. Ct. R. 5:9(a); Va. Code Ann. § 8.01-645(B)(2). Furthermore, Tucker fails to argue or demonstrate cause, actual prejudice, or the possibility of a fundamental miscarriage of justice. Accordingly, Claim (A) must be dismissed.[4]

**Claim (B)**

Respondent admits that Tucker properly exhausted his state court remedies as to Claim (B). Therefore, this court may address this claim under the standards set forth in 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"). Section § 2254(d) as amended by the AEDPA reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying the interpretation of this standard of review set forth by the Supreme Court of the United States in Williams v. Taylor, 529 U.S. 362, 413 (2000), a state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached

---

[4] Even if the court were to review all of the ineffective assistance of counsel claims found in Claim (A) on their merits, the state Circuit Court has adjudicated and rejected all of Tucker's claims and its decision is not contrary to clearly established federal law or based on an unreasonable determination of the facts. As such, this court will defer to the decision of the state Circuit Court and dismiss all of Claim (A). See Williams v. Taylor, 529 U.S. 362, 403-13 (2000).

6

by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court on a set of materially indistinguishable facts." See also Lovitt v True, 403 F.3d 171 (4th Cir. 2005), cert. denied, 126 S. Ct. 400 (2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc).

A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. The Williams Court stressed that Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the application must also be unreasonable. Id.; Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); see also McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves).

In addition, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Osmint, 350 F.3d 433, 439 (4th Cir. 2003). When reviewing the sufficiency of the evidence on a federal habeas petition, "the critical inquiry . . . must be . . . to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318-19 (1979). The "relevant question is whether, after viewing the

7

evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 319 (emphasis in original).

Tucker's claim that the evidence presented at trial was insufficient to convict him of possession of a firearm as a convicted felon is without merit. Having reviewed the record, the court agrees with respondent that there is sufficient evidence to prove Tucker's guilt beyond a reasonable doubt. The Court of Appeal's review of the evidence adduced at Tucker's trial established that Tucker dropped or threw a gun on the back porch during his attempt to evade the police. Moreover, Tucker testified on cross-examination that he shot Rohn Lee. Finally, the Court noted that the Commonwealth "incorporated without objection the stipulated evidence from [Tucker's] guilty plea to possession of cocaine." (Resp't Mot. Dismiss, Attach 2 at 21.) The Court of Appeals held that the Commonwealth's evidence was "competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt" that Tucker constructively possessed the firearm and that he possessed a firearm as a convicted felon. (Resp't Mot. Dismiss, Attach 2 at 21.) The Supreme Court of Virginia affirmed that ruling when it denied the petition for appeal. Based upon the record evidence, this court finds that a rational trier of fact could have found proof of guilt beyond a reasonable doubt. The Court of Appeals of Virginia found that the Commonwealth's evidence was sufficient to prove beyond a reasonable doubt that Tucker was guilty of possessing the firearm as a convicted felon. That Court reasonably applied the proper standard of review, and its ruling, which is consistent with the evidence contained in the record, is entitled to deference under § 2254. Therefore, Claim (B) will also be dismissed.

8

## CONCLUSION

Accordingly, the court finds that Tucker is not entitled to § 2254 relief. Respondent's motion to dismiss will be granted and an appropriate Order issued this day. The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 25th day of September, 2007.

*/s/ Jack Conrad*
United States District Judge